**FILED**

August 11, 2010

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002846039

**4**

TRUDI G. MANFREDO, Bar No. 166474
THE LAW OFFICE OF TRUDI G. MANFREDO
545 East Alluvial, Suite 112
Fresno, California 93720
Telephone:  (559) 449-9069
Facsimile:  (559) 449-9016
trmanfredo@yahoo.com

Attorney for JAMES E. SALVEN
Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In the Matter of | ) Case No. 09-61112-B-7 |
| DONNA MORRIS, aka DONNA BAKER, | ) Chapter 7 |
| | ) TGM-2 |
| Debtor. | ) Date: September 8, 2010 |
| | ) Time: 10:00 a.m. |
| | ) Dept. B, Courtroom 12, Fresno |
| | ) The Honorable W. Richard Lee |

### TRUSTEE'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY

JAMES E. SALVEN, Chapter 7 Trustee of the above-captioned case ("Trustee"), respectfully represents as follows:

1.     Trustee is the duly appointed qualified and acting Trustee of the above referenced Bankruptcy Estate.

2.     Debtor filed for relief under Chapter 7 of the Bankruptcy Code on November 13, 2009.

3.     This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a).  This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (N).  This motion is brought pursuant to 11 U.S.C. §363(b).

/////

1

4.  Venue is proper in this Court pursuant to 28 U.S.C § 1409(a) by virtue of the pendency of this case before the Court.

5.  One of the assets of the bankruptcy estate is real property located at 1115 Noche Buena, Seaside, California ("Real Property") more particularly described in the Preliminary Title Report, a true and correct copy of which is filed concurrently herewith attached to the Declaration of James E. Salven and incorporated herein by reference as **Exhibit A.**

6.  Trustee sought authorization to employ Mid Coast Investments, a Realty Company, P.O. Box 3112, San Carlos Ave. 3 N.W. 8th Street, Carmel, CA, 93921, as broker, which authorization was approved on February 23, 2010.

7.  Trustee has received an offer from Juan C. Ballesteros and Georginna Farias, or nominee, ("Buyers") to purchase the Real Property for $280,000.00.  A true and correct copy of the Agreement between Buyer and Trustee is filed concurrently herewith attached to the Declaration of James E. Salven and incorporated herein by reference as **Exhibit B.**  Buyer has deposited $10,000.00 into escrow which is non refundable if Buyer fails to perform.

8.  The purchase price agreed upon with the Buyer is the highest and best offer received by the Trustee to date.  The trustee believes the offer is reasonable.

9.  According to the Preliminary Title Report, there are delinquent property taxes owed in the approximate amount of $402.97. The property is also encumbered by a note secured by a deed of trust in favor of Bank of America, N.A. in the estimated amount of $136,500.00.  There is also a lien for sewer user fees in favor of Monterey Regional Water Pollution in the amount of $322.64.

10. Trustee will incur a broker's commission at 6% in the sum of $16,800.00, one half to his broker and one half to Buyers' broker, Marina Beach Real Estate. Trustee requests that the commission be authorized to be paid out of escrow to the brokers.

11. Assuming 2% cost of sale, the net to the estate will be approximately as follows:

| | |
|---|---|
| Sales Price: | $280,000.00 |
| Mortgage: | (136,500.00) |
| Broker Commission: | ( 16,800.00) |
| Cost of Sale: | (5,600.00) |
| Property Taxes: | (496.39) |
| Sewer lien: | (322.64) |
| Total: | $120,280.97 |

12. Trustee has determined that there will be no adverse tax consequences.

13. Trustee believes that it is in the best interest of the estate and creditors to sell the property to Buyer on the terms stated in the Purchase Contract. Trustee does not believe he can receive a better price if the property stays on the market for a longer period of time.

14. Because the actual payoffs on the mortgages and liens may vary up or down, the net to the estate may vary.

15. This offer is subject to higher and better bids received on or before the date of the hearing. All bids must be in writing and have no contingencies, and potential bidder must bring certified funds in the amount of $1,000.00 made payable to the Bankruptcy Estate of DONNA MORRIS which is refundable if that bid is not the highest bid. Any over bid must be in $5,000.00 increments.

16. Trustee also requests that the ten day provision of Fed. B. Bankr. P. Rule 6004(g) be waived.

3

WHEREFORE, trustee prays as follows:

1.    That the Motion be granted.

2.    That Trustee be authorized to sell The Property to Juan C. Ballesteros and Georginna Farias, or nominee, ("Buyers") to purchase the Real Property for $280,000.00, on the terms set forth above, subject only to higher and better bid at the hearing on the confirmation of the sale.

3.    That Trustee be authorized to pay to real estate brokers connected with this sale a commission of 6% of the gross sale amount to be split equally between buyer's broker and seller' broker.

4.    That the net sales proceeds after payment of property taxes, if any, encumbrances, broker's commission and costs of sale be paid to the Trustee and maintained in an interest bearing account pending further order of the Court;

5.    That the Trustee be authorized to sign all documents necessary to effectuate the sale pursuant to the above mentioned terms; and

6.    That the ten day provision of Fed.B.Bankr.P. Rule 6004(g) be waived.

7.    For such other and further relief as is just and proper.

Dated: 8/10/10

/s/ TRUDI G. MANFREDO
Trudi G. Manfredo
Attorney for Trustee

4